J-S07023-15

2015 PA Super 68

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| DANIEL T. HARRIS, | |
| Appellee | No. 952 MDA 2014 |

Appeal from the Order of May 12, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000707-2009

BEFORE: BENDER, P.J.E., OLSON AND OTT, JJ.

OPINION BY OLSON, J.: **FILED APRIL 07, 2015**

Appellant, the Commonwealth of Pennsylvania ("the Commonwealth"), appeals from the order entered on May 12, 2014, granting relief on a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, filed by Appellee, Daniel T. Harris ("Appellee"). Upon review, we affirm in part and vacate in part.

We summarize the facts and procedural history of this case as follows. On November 14, 2008, at Adam Auto Sale in Lebanon County, a vehicle was stolen and twelve other vehicles were entered into and damaged, resulting in $55,404.08 of total damages. On December 11, 2009, a jury convicted Appellee of theft, criminal conspiracy to commit theft, and criminal

mischief.[1] On February 17, 2010, the trial court imposed an aggregate term of three to seven years of imprisonment. Appellee filed a post-sentence motion on February 25, 2010. On May 4, 2010, the trial court issued an order denying Appellee's post-sentence motion for failure to file a brief. Appellee appealed to this Court on June 2, 2010. By *per curiam* order entered on October 29, 2010, this Court quashed Appellee's appeal for failure to file an appellate brief.

On March 15, 2013, Appellee filed a *pro se* PCRA petition raising claims of trial counsel ineffectiveness. On March 18, 2013, the PCRA court appointed counsel to represent Appellee. On December 4, 2013, counsel for Appellee filed an amended PCRA petition. On December 10, 2013, the PCRA court held a hearing to determine the timeliness of the PCRA petition.[2] On

_____

[1] 18 Pa.C.S.A. §§ 3921, 903, and 3304, respectively.

[2] Upon review of the record, the PCRA court heard testimony that trial counsel abandoned Appellee and it was discovered that Appellee's file, held in the Public Defender's Office, had unopened correspondence from Appellee directing trial counsel to file an appeal. N.T., 12/10/2013, at 19. After the Public Defender's Office notified Appellee that his appeal had been dismissed, Appellee immediately filed a *pro se* PCRA petition requesting relief. **Id.** at 13, 31. Thus, the PCRA court properly deemed Appellee's petition timely. **See Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007) (identifying limited exception to the rule barring ineffective assistance of counsel claim as newly discovered facts exception, where counsel abandoned petitioner on appeal, abandonment was unknown to petitioner, and petitioner filed for PCRA relief within sixty days of learning of counsel's abandonment).

January 20, 2014 and January 30, 2014, the PCRA court held an evidentiary hearing.

By order entered on May 12, 2014, the PCRA court granted Appellee's PCRA petition, vacated his sentence, and awarded him a new trial. In the opinion accompanying the order, the PCRA court determined that trial counsel failed to file an appellate brief with this Court on direct appeal. PCRA Court Opinion, 5/12/2014, at 11-12. More specifically, the PCRA court made credibility determinations and concluded, "trial counsel's failure to file an appellate brief was a result of her oversight and not of [Appellee's] wishes." *Id.* at 12 (capitalization omitted). However, instead of reinstating Appellee's direct appeal rights *nunc pro tunc*, the PCRA court went on to examine Appellee's remaining ineffective assistance of counsel claims because "[t]rial [c]ounsel's ineffectiveness was so egregious that to simply reinstate [Appellee's] appellate rights *nunc pro tunc* would never fully remedy [Appellee's] constitutional infringements." *Id.* at 14.

Thereafter, the PCRA court also concluded that trial counsel was ineffective for failing to cross-examine the co-defendants properly and for failing to introduce video surveillance recovered from the scene of the crime. *Id.* at 13-18. More specifically, the PCRA court noted that the owner of the car dealership testified at trial that there was a surveillance video recording of the incident, but the video was not clear enough to identify the perpetrators; however, it was clear that four individuals were present on the night in question. *Id.* at 2. The PCRA court further noted that co-defendant

Jeffrey Zombro, Jr., who initially admitted to police that four individuals were involved in the crimes, did not name Appellee. *Id.* at 2. In a second interview with police, Zombro named three of the same individuals, but identified another individual who was not Appellee. *Id.* at 3. In a third police interview, Zombro claimed that he, Appellee, and co-defendant James Jeter, perpetrated the crimes at Adams Auto Sale, but that Zombro, Jeter and a third man drove the stolen vehicle to New York City. *Id.* at 3-4. When interviewed by police, Jeter claimed that he, Zombro, and Appellee were the only three individuals at Adams Auto Sale on the night in question. *Id.* at 3. Both co-defendants testified at trial that three individuals participated in the crimes – Appellee, Zombro, and Jeter. *Id.* at 4. The PCRA court concluded that the testimony of the co-defendants was the key evidence presented against Appellee. *Id.* at 13. Thus, the PCRA court opined that the outcome of trial would have been different if trial counsel had presented the video surveillance and cross-examined the co-defendants on their inconsistencies to show that their accusations were not credible. *Id.* Thus, the PCRA court vacated Appellee's sentence and awarded him a new trial on these additional claims.

Finally, the PCRA court rejected Appellee's claim that trial counsel was ineffective for failing to call two witnesses at trial, i.e., Appellee's mother and girlfriend. *Id.* at 8. The PCRA court found their PCRA testimony regarding proffered alibis for Appellee not credible. *Id.* at 9-10.

The Commonwealth filed a timely appeal. On appeal, the Commonwealth presents one issue for our review:

> Did the PCRA court err in granting [Appellee's] PCRA petition and subsequently vacating his sentence and granting him a new trial?

Commonwealth's Brief at 4 (complete capitalization omitted).

Initially, the Commonwealth contends:

> In this case, once the PCRA [c]ourt concluded that [Appellee] was denied his right of direct appeal the proper course would have been to reinstate [Appellee's] appellate rights *nunc pro tunc*. It was not within the discretion of the PCRA [c]ourt, or [to accommodate Appellee's request] to determine whether the rest of his claims [sh]ould be addressed by the PCRA [c]ourt. By proceeding forward and addressing [Appellee's] remaining substantive ineffectiveness claims on their merits, the PCRA [c]ourt essentially acted without subject matter jurisdiction.
>
> Subsequently, the Commonwealth requests that this Honorable Court reverse the PCRA [c]ourt's [o]rder dated May 12, 2014, vacating [Appellee's] sentence and awarding him a new trial. Additionally, the Commonwealth requests that this Court remand the case reinstating [Appellee']s appellate rights *nunc pro tunc*.[3]

*Id.* at 17-18.

We agree. "In addressing the grant or denial of post-conviction relief, an appellate court will consider whether the PCRA court's conclusions are supported by record evidence and are free of legal error." ***Commonwealth***

_____

[3] We note that the Commonwealth does not challenge the PCRA court's finding that Appellee was entitled to *nunc pro tunc* restoration of his direct appeal rights.

*v. Keaton*, 82 A.3d 419, 425 (Pa. 2013) (citation omitted). In *Commonwealth v. Pate*, 617 A.2d 754 (Pa. Super. 1992) we determined that "once a PCRA court determines that a petitioner's right to direct appeal has been violated, the PCRA court is precluded from reaching the merits of other issues raised in the petition." *Pate*, 617 A.2d at 757, *citing Commonwealth v. Hoyman*, 561 A.2d 756 (Pa. Super. 1989). "Rather, once the PCRA court finds that the petitioner's appellate rights have been abridged, it should grant leave to file a direct appeal and end its inquiry there." *Id.* (citation omitted).

In *Commonwealth v. Wright*, 832 A.2d 1104 (Pa. Super. 2003), however, this Court allowed for review of additional ineffective assistance of counsel claims even after the PCRA court determined that counsel failed to file an appellate brief. In that case, Wright filed a PCRA petition alleging that prior counsel was ineffective for failing to file a direct appeal and failing to move for suppression. The PCRA court granted him relief on his claim that counsel failed to file a direct appeal and reinstated his rights *nunc pro tunc*. On direct appeal, Wright renewed his claim that counsel was ineffective for failing to move for suppression. Our Court reviewed the claim, opining:

> [Wright] also claims that trial counsel was ineffective for failing to move to suppress appellant's statement to police prior to trial. Although this issue was fully litigated at the PCRA hearing, the PCRA court did not rule on the issue, instead granting [Wright] his request for an appeal *nunc pro tunc.* In declining to resolve the suppression issue, the trial

court relied on a body of case law directing that "once the PCRA court finds that the petitioner's appellate rights have been abridged, it should grant leave to file a direct appeal and end its inquiry there." *Commonwealth v. Pate*, 617 A.2d 754, 757-758 (Pa. Super. 1992). The logic underlying the rule in *Pate* is that "a defendant [who] establishes that counsel's ineffective assistance denied him entirely his right to a direct appeal ... is entitled to a direct appeal *nunc pro tunc* without regard to his ability to establish merit of the issues which he seeks to raise on direct appeal." *Commonwealth v. Franklin*, 823 A.2d 906, 909 (Pa. Super. 2003) (citation omitted). The PCRA court's role under these circumstances does not include reviewing any of the defendant's claims for legal sufficiency; rather it is, "limited to fact-finding, which becomes particularly valuable to our eventual review of an appellant's claims." *Id.* at 910-11. Unlike the *Pate* line of cases, however, here the evidence presented at the PCRA hearing was not limited to whether appellant was denied his right of appeal; it also included complete testimony on the suppression issue.

Recently, in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), our Supreme Court directed that ineffectiveness claims should await collateral review rather th[a]n be addressed on direct appeal. One of the primary reasons underlying *Grant* is that on direct appeal the record from the trial court typically is insufficient for appellate resolution of an ineffectiveness claim. "Ineffectiveness claims [often] are based on omissions, which, by their very nature, do not appear of record and thus, require further fact-finding, extra-record investigation, and where necessary, an evidentiary hearing." *Id.* at 736. In keeping with *Grant*, we regularly dismiss claims of ineffectiveness raised for the first time on direct appeal without prejudice to the appellant's right to raise the same claim in a subsequent PCRA petition. *Commonwealth v. Rosendary*, 818 A.2d 526 (Pa. Super. 2003).

Here, however, there is an adequate record upon which we can assess this ineffectiveness claim because there was a full evidentiary hearing on the issue at which trial counsel appeared and testified. Further, dismissal of this claim pursuant to *Grant* would be judicially inefficient as a subsequent claim on collateral review would merely

- 7 -

prompt a hearing identical to the one that already occurred below.

\* \* \*

Further, in *Commonwealth v. Bomar*, 826 A.2d 831 (Pa. 2003), the Pennsylvania Supreme Court recognized certain exceptions to *Grant's* general rule and created an additional exception. The *Bomar* Court held that in those cases where an ineffectiveness claim has been fully developed in the trial court, the *Grant* rule of deferral is not applicable. *Id.* at 853. We recognize that this case differs from *Bomar* because in that case, the trial court not only held an evidentiary hearing on the issues of ineffectiveness, but also ruled upon those issues. However, the only question with which we are confronted here is whether counsel had a strategic basis for his actions and whether that strategy was reasonable. The certified record provides a clear answer to both questions, making dismissal of the ineffectiveness claim under *Grant* unnecessary.

As in *Bomar,* the certified record in this case insures that "there is no danger of engaging in appellate fact finding in the form of speculation concerning the strategy actually pursued by trial counsel." *Id.* at 854. Rather, the record provides us with an opportunity to "review trial counsel's strategy from the 'horse's mouth.'" *Id.*

We believe that the rationale in *Bomar* permits our assessment of [Wright's] ineffectiveness claim. Thus, we proceed to consider and resolve the claim on the record before us.

*Commonwealth v. Wright*, 832 A.2d 1104, 1108-1110 (Pa. Super. 2003).

Since *Wright*, however, our Supreme Court recognized limitations to the exception created by *Bomar,* as discussed above. The Supreme Court has stated, "[i]n practice, the *Bomar* exception has operated as an extra round of collateral attack for certain defendants, unauthorized by the General Assembly, and subject to no review rationale except beyond the

discretion of the trial court." ***Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013). In ***Holmes***, our Supreme Court declared that "[t]his state of affairs cannot continue because of its inherently uneven application, the complication that it poses for later PCRA review, and the obvious tension between that practice and the intended role of the PCRA in providing a single, full collateral proceeding as of right to all defendants eligible to seek collateral relief." ***Id.*** Our Supreme Court determined that, absent certain circumstances, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." ***Id.*** (footnote omitted).

The ***Holmes*** Court noted two exceptions to the general rule of deferring ineffective assistance of counsel claims until PCRA review. First, "there may be an extraordinary case where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is both meritorious and **apparent from the record** so that immediate consideration or relief is warranted." ***Id.*** at 577 (emphasis added). Second, our Supreme Court determined that in cases where "prolix" claims of ineffectiveness are raised, "unitary review, if permitted at all, should only proceed where accompanied by a knowing, voluntary, and express waiver of PCRA review." ***Id.*** at 578.

Here, Appellee's ineffective assistance of counsel claims pertaining to the cross-examination of his co-defendants and failure to introduce

surveillance footage were not claims that were apparent solely from the record. Moreover, Appellee did not expressly waive his rights to PCRA review. Thus, we conclude that by determining Appellee was entitled to *nunc pro tunc* relief, the PCRA court overstepped its bounds by substantively reaching the remaining ineffective assistance of counsel claims.

Moreover, we may *sua sponte* consider whether we have jurisdiction to consider the merits of the claims presented. **See Commonwealth v. James**, 69 A.2d 180, 184 (Pa. 2013) (citation omitted). When a PCRA court lacks jurisdiction to consider the merits of a petition, we likewise lack jurisdiction to consider an appeal from disposition of the petition. **Commonwealth v. Hernandez**, 79 A.3d 649, 654 (Pa. Super. 2013) (citation omitted). A PCRA court lacks jurisdiction to consider a PCRA petition when a petitioner's judgment is not final. **See Commonwealth v. Taylor**, 65 A.3d 462, 464 (Pa. Super. 2013) (citation omitted). Once the PCRA court granted Appellee the right to seek further review *nunc pro tunc*, Appellee's sentence was no longer final and the PCRA court lacked jurisdiction to rule on Appellee's other requests for relief. **See Commonwealth v. Donaghy**, 33 A.3d 12, 14 n.5 (Pa. Super. 2011); **see also Holmes supra**. Accordingly, until Appellant's judgment of sentence becomes final in accordance with the procedural mechanisms recognized in 42 Pa.C.S.A. § 9545(b)(3), we lack jurisdiction to consider the merits of Appellee's remaining ineffective assistance of counsel claims.

We therefore affirm the PCRA court's order with respect to reinstatement of Appellee's direct appeal rights *nunc pro tunc*. We vacate the remainder of the PCRA court's order.[4]

Order affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/7/2015

_____

[4]  Our ruling is without prejudice to Appellee in PCRA proceedings that may commence after Appellant's judgment of sentence becomes final. Moreover, we note that PCRA court already held hearings on Appellee's remaining PCRA claims. "The law in this area recognizes that although the PCRA court may not properly review the merits of [the] substantive claims when [] direct appeal rights have been violated, that court's review will serve the evidentiary purpose of completing the record for appellate review." **Pate**, 617 A.2d at 759. Thus, after his direct appeal rights have been exhausted or extinguished and his judgment of sentence becomes final, Appellee may seek collateral relief on grounds previously raised; the PCRA court may use the already developed evidentiary record and may supplement that record as it sees fit.