## Commonwealth v. Leonti

*Matthew Eltringham, assistant district attorney,* for Commonwealth.

*I. Emmanuel Dimitriou,* for defendant.

YATRON, *J.,* November 27, 2007—The appellant, Samuel Leonti, was tried before this court and a jury on May 21-22, 2007. The jury convicted the appellant of five counts of robbery, 18 Pa.C.S. §3701(a)(1)(ii); one count of conspiracy to commit robbery, 18 Pa.C.S. §903(a)(1)(2); one count of burglary, 18 Pa.C.S. §3502(a); one count of conspiracy to commit burglary,

18 Pa.C.S. §903(a)(1)(2); five additional counts of robbery, 18 Pa.C.S. §3701(a)(1)(v); one additional count of conspiracy to commit robbery, 18 Pa.C.S. §903(a)(1)(2); one count of criminal trespass, 18 Pa.C.S. §3503(a)(1)(i); one count of conspiracy to commit criminal trespass, 18 Pa.C.S. §903(a)(1)(2); one count of theft by unlawful taking or disposition, 18 Pa.C.S. §3921(a); one count of conspiracy to commit theft by unlawful taking or disposition, 18 Pa.C.S. §903(a)(1)(2); one count of receiving stolen property, 18 Pa.C.S. §3925(a); one count of conspiracy to commit receiving stolen property, 18 Pa.C.S. §903(a)(1)(2); five counts of simple assault, 18 Pa.C.S. §2701(a)(3); and one count of conspiracy to commit simple assault, 18 Pa.C.S. §903(a)(1)(2). On June 28, 2007, this court sentenced the appellant to serve 12 to 24 years of confinement in a state correctional facility. Specifically, this court sentenced the appellant to six and one-half to 13 years for the robbery counts, under subsection (a)(1)(ii), and five and one-half to 11 years for the conspiracy to commit robbery count, to run consecutive to the robbery counts. All the remaining counts either merged or were sentenced concurrently with the robbery counts and conspiracy to commit robbery count.

Following the appellant's sentencing, the appellant filed a "petition to reconsider sentence." The appellant opined that this court abused its discretion by deciding to run the conspiracy count consecutive to the five robbery counts, under subsection (a)(1)(ii). On September 4, 2007, this court held a hearing on the petition, but ultimately denied it. This appeal followed.

In the appellant's "concise statement of the errors complained of on appeal," he opines that:

"The sentencing court abused its discretion by entering a manifestly excessive and clearly unreasonable sentence for [conspiracy to commit robbery] which violated the Sentencing Guidelines because the sentencing court ignored appellant's mitigating circumstances, such as the facts and circumstances of the case, in imposing this sentence as a consecutive sentence to all of appellant's other sentences under this docket without sufficient reasons and where the sentencing court erred in ruling that appellant could not have committed his crimes alone."

In order to address the appellant's claim thoroughly, a brief summary of trial testimony is appropriate.

## SUMMARY OF FACTS

At docket number 4610-06, the defendant was charged with 50 counts of robbery, burglary, criminal trespass, theft, receiving stolen property, unlawful restraint, simple assault, recklessly endangering another person, harassment and conspiracy. All of the charges stemmed from an incident alleged to have occurred during the early morning hours of August 27, 2007 at 1515 Hill Road, in the City of Reading, Berks County. According to the Information there were six alleged victims.

At trial, the Commonwealth called Jason Yasso, one of the alleged victims. Yasso testified that he was at 1515 Hill Road, which is an apartment complex, with Kevin Burk, Amy Baranoski, Matt Thorp, Melissa Nagle, Troy Hughes, Eric Silverman, Jen Sheperd and Shawn Trox-

el during the late evening hours of August 26, 2006 into early morning hours of August 27, 2007. (N.T. 26-27, 42-44.)[1] Yasso said he was playing PlayStation in apartment number C-5, when he heard a knock on the door. (N.T. 28-29, 40.) Yassso said that he got up to answer it, but noticed that the peephole was blocked. (N.T. 29.) As a result, according to Yasso, he cracked the door to see who was on the other side. (N.T. 29.) Once he cracked the door open, he testified, someone's foot pushed the door farther open. (N.T. 29.)

The foot belonged to the appellant, whom Yasso had met a month prior to the incident through a mutual friend. (N.T. 38-39.) Yasso next testified that the appellant used both of his hands to reach in and grab Yasso's shirt, and then he ordered Yasso to the ground. (N.T. 30, 44.) Yasso further stated that the appellant gripped his arms and pushed him on to the floor, stomach first. (N.T. 31, 44.) Once Yasso was on the floor, the appellant got on top of him, went through his pockets, took $80 from his wallet, and punched him with a closed fist. (N.T. 31-32, 44, 64.)

Yasso also stated that once the appellant had him on the ground, two other individuals entered the apartment. (N.T. 35.) However, Yasso was not able to identify the other two individuals, other than remarking that they were "African-American, Hispanic." (N.T. 54-56.) The two individuals, according to Yasso's testimony, searched the pockets of the other people in the apartment and then searched the apartment. (N.T. 35.) Yasso said that he

---

1. N.T. refers to notes of testimony from the appellant's jury trial, which was held on May 21-22, 2007.

could hear them walking from room-to-room, while he was lying on the floor. (N.T. 36.) When asked why he remained on the floor, Yasso stated that the second individual, not the appellant, brandished a pistol once he was inside the apartment. (N.T. 36, 52.) Yasso also testified that the appellant had the pistol, or a pistol, later and "put it to Matt Thorp just to make sure . . . that he wasn't [sic] going to move or try to do anything to stop what they were doing." (N.T. 37.) Afterwards, Yasso testified, he "felt a little scared, nervous, anxious." (N.T. 37.)

The Commonwealth also called Kevin Burk, another one of the alleged victims, to testify. Burk testified that he was also at the Hill Road apartment complex with seven other individuals, when he heard a knock on the door. (N.T. 68.) He further corroborated Yasso's testimony by stating that when Yasso opened the door a crack, he (Burk) saw a foot push the door farther open. (N.T. 69.) Burk described the entrants as a white man, a taller, heavier black man, and a Puerto Rican man. (N.T. 77, 81.) Burk also testified that two of the individuals that entered the apartment did so with pistols drawn. (N.T. 69-70.) Burk stated that someone went through his pockets and wallet and took his cash and cell phone. (N.T. 70.) Burk also said that two of the individuals were speaking Spanish. (N.T. 72.)

Next, the Commonwealth called Melissa Nagle, another alleged victim, who testified that she was at the apartment on the date and time in question. (N.T. 84-86.) She also testified that after hearing a knock on the door of the apartment, an angry male voice ordered everyone to lie on the floor. (N.T. 88.) While she was lying on the

floor, she felt someone rip jewelry off of her person, including rings, a bracelet, and a necklace, and saw someone take her purse, which contained her digital camera. (N.T. 90.)

The Commonwealth also called Amy Barnoksi. Barnoski testified that the Hill Road apartment was hers, and that she was there on the date and time in question. (N.T. 105-106.) She testified that after hearing the apartment door fly open, she stepped out of the kitchen and saw a man holding a pistol. (N.T. 107.) After seeing the gun, she lay on the ground and then felt someone go through her pockets and feel her legs. (N.T. 108-109.) She also testified that one man was white and the other two were "darker people . . . speaking Spanish to each other." (N.T. 110-15.)

## SENTENCING

As previously stated, this court sentenced the appellant to serve 12 to 24 years in a state correctional facility, with the sentences on the five robbery counts, under subsection (a)(1)(ii), and the conspiracy to commit robbery count running consecutive.

As our Superior Court recently noted in *Commonwealth v. Hoch:*

" '[A]n abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.' " *Commonwealth v. Hoch,* 936 A.2d 515 (Pa. Super. 2007) citing *Com-*

*monwealth v. Shugars,* 893 A.2d 1270, 1275 (Pa. Super. 2006).

In imposing a sentence, "the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." *Commonwealth v. Wright,* 832 A.2d 1104, 1107 (Pa. Super. 2003).

Here, in fashioning the appellant's sentence, this court considered the presentence investigation report (N.T. II 14);[2] the appellant's prior record score of five (N.T. II 4, 15); the appellant's criminal history, which includes a first-degree felony and a conviction for possession of a prohibited offensive weapon (N.T. II 15); the offense gravity scores for robbery,[3] 10,[4] and conspiracy to commit robbery, nine;[5] the standard, mitigated, and aggravated ranges for the robbery counts on the deadly weapon enhancement/used matrix, 78 to 90 months plus or minus 12 months, and the conspiracy to commit robbery count on the deadly weapon enhancement/used matrix, 66 to 78 months plus or minus 12 months;[6] as

---

2. N.T. II refers to the notes of testimony from the appellant's sentencing, which was held June 28, 2007.

3. 18 Pa.C.S. §3701(a)(1)(ii) (a felony of the first degree).

4. 204 Pa.Code §303.15 at 42 Pa.C.S. §9721 under 18 Pa.C.S. §3701(a)(1)(ii).

5. 204 Pa.Code §303.3(c)(1) at 42 Pa.C.S. §9721.

6. 204 Pa.Code §303.18 at 42 Pa.C.S. §9721. 204 Pa.Code §303.10(a)(2) states "[a]n offender has used a deadly weapon if any of the following were employed by the offender in a way that threatened or injured another individual: (i) Any firearm, (as defined in 42 Pa.C.S. §9712) whether loaded or unloaded." Further, the "deadly weapon enhancement shall apply to each conviction offense for which a deadly weapon is possessed or used." 204 Pa.Code §303.10(a)(4). Here, there was testimony from Yasso that the appellant used a pistol

well as testimony from the appellant's trial and sentencing, including his allocution and a letter from his mother asking for this court's mercy. (N.T. II 14-16.) Further, this court feels that because each of the offenses that the appellant was sentenced on—robbery and conspiracy to commit robbery—proscribes a different social harm, *i.e.,* the commission of theft by force or threat of force and the act of agreeing with others to carry out such an act and taking substantial step in doing so, it is both logical and reasonable to impose their concomitant punishments consecutively so as not to diminish the gravity of either offense.[7] Having followed the controlling legal dictates, while taking into account the particular facts of this case, we conclude that the sentence imposed on the appellant was not an abuse of discretion.

Accordingly, for the foregoing reasons, we respectfully submit that appellant's appeal be denied and his sentence affirmed.

---

in a threatening manner. (N.T. 37.) Moreover, this court finds it difficult to believe that such offenses could have been committed in the absence of a weapon under the circumstances. (N.T. II 15.)

7. See 42 Pa.C.S. §9721(b).