J-S60025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                               :         PENNSYLVANIA
                               :
               v.              :
                               :
                               :
RAYMEL ADDISON,                :
                               :
               Appellant       :   No. 192 WDA 2017

Appeal from the PCRA Order December 28, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0011423-2003,
CP-02-CR-0013549-2003

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.:                 **FILED SEPTEMBER 11, 2017**

Appellant, Raymel Addison, appeals from the December 28, 2016

Order dismissing his third Petition filed pursuant to the Post-Conviction Relief

Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.  We affirm.

On October 18, 2005, a jury convicted Appellant of Third-Degree

Murder and a Violation of the Uniform Firearms Act ("VUFA")[1] after hearing

testimony concerning a July 22, 2003 shooting incident outside a bar in

downtown Pittsburgh.  On January 9, 2006, the trial court sentenced

Appellant on the Murder conviction to a term of 20 to 40 years' incarceration

and on the VUFA conviction to a concurrent term of 14 months' to 7 years'

---

[1] 18 Pa.C.S. § 2502(c) and 18 Pa.C.S. § 6105, respectively.

---

\* Former Justice specially assigned to the Superior Court.

incarceration.[2]  This Court affirmed Appellant's Judgment of Sentence. *Commonwealth v. Addison*, No. 344 WDA 2006 (Pa. Super. filed May 30, 2007) (unpublished memorandum).  Appellant did not appeal to the Pennsylvania Supreme Court.  Thus, Appellant's Judgment of Sentence became final on June 30, 2007.  *See* 42 Pa.C.S. § 9545(b)(3).

Appellant then filed two PCRA petitions, neither of which resulted in relief.  On May 10, 2012, Appellant filed the instant PCRA Petition *pro se*, his third.  Shortly thereafter, the PCRA Court gave Appellant Notice pursuant to Pa.R.A.P. 907 of its intention to dismiss the Petition without a hearing as untimely.  Appellant filed a Response to the court's Rule 907 Notice, and on June 22, 2012, the PCRA court dismissed the Petition.

Appellant timely appealed.  On review, this Court concluded that the PCRA court had erred as a matter of law by applying the wrong standard of review to Appellant's after-discovered evidence claim.  Accordingly, we vacated the PCRA court's Order and remanded for application of the correct standard of review.  *Commonwealth v. Addison*, No. 1144 WDA 2012 (Pa. Super. filed July 1, 2013) (unpublished memorandum).

On October 3, 2013, on remand, the PCRA court again issued a Rule 907 Notice informing Appellant of its intention to dismiss his third Petition without a hearing as meritless and time-barred.  On October 11, 2013,

---

[2] The court ordered Appellant to serve these sentences consecutive to an unrelated federal sentence.

Appellant requested an extension of time to file a Response to the court's Rule 907 Notice, which the court granted, directing Appellant to file his Response on or before January 29, 2014.

On January 31, 2014, current counsel entered his appearance on Appellant's behalf. No further action occurred on the pending PCRA Petition.

On August 4, 2015, Appellant filed a *pro se* "Amended" PCRA Petition, claiming that he had after-discovered evidence. He attached an affidavit from his friend, Ronald Anderson, who stated that he had obtained documents on June 16, 2015, from the Allegheny County Clerk of Courts showing that the Commonwealth had offered Michael Brown, a key Commonwealth witness, a plea deal in exchange for his testimony against Appellant. This evidence contradicted Brown's trial testimony that the Commonwealth had not offered him anything in exchange for his testimony. *Pro Se* Amended Petition, 8/4/15, at ¶¶ 5-6. The court took no action on this filing.

After receiving many extensions of time, on December 27, 2016, Appellant filed a counseled "Response to Notice of Intention to Dismiss and Final Amended Petition for Post-Conviction Relief" ("Final Amended Petition")[3] in which Appellant reiterated his assertion that Brown had lied

_____

[3] Although the PCRA did not explicitly grant leave to amend the Petition, the court nonetheless considered the Final Amended Petition that counsel submitted with the Rule 907 Response as if leave had been granted. ***See Commonwealth v. Rykard,*** 55 A.3d 1177, 1189 (Pa. Super. 2012) (noting
*(Footnote Continued Next Page)*

- 3 -

when he denied that the Commonwealth had offered him a plea agreement in exchange for his testimony against Appellant. Final Amended Petition, dated 12/27/16, at ¶ 7.[4] Appellant stated that he had exercised due diligence in attempting to "retrieve appropriate documentation evidencing such consideration," that this information was known and available to the Commonwealth at all relevant times, and if Appellant had had this information at the time of trial, he would have used it to impeach Mr. Brown, thus impacting the jury's credibility determination.. *Id.* at ¶¶ 10, 13, 15, 16.

On December 28, 2016, the PCRA court dismissed Appellant's Petition, concluding that Appellant's issues lacked merit and were time-barred. Appellant filed the instant timely appeal. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Whether the [PCRA c]ourt erred in refusing to grant an evidentiary hearing where documents maintained by the [g]overnment were discovered, the same which clearly indicate an agreement between the [g]overnment and the sole

*(Footnote Continued)* ───────────────

that the purpose of a Rule 907 pre-dismissal notice is "to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims.").

[4] Appellant also claimed that Mr. Brown had lied when he denied that he had been offered a reduced federal sentence in another matter in exchange for his "assistance and testimony in the within matters." Final Amended Petition, at 8.

eyewitness despite repeated denials of the existence of such agreement by both the witness in question and the [g]overnment at the time of trial[?]

Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. No court has jurisdiction to hear an untimely PCRA Petition. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008).

A PCRA Petition must be filed within one year of the date the underlying Judgment becomes final; a Judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S. § 9545(b)(1), (3). However, the PCRA provides exceptions to the timeliness requirement in certain circumstances. *See id.* at § 9545(b)(1)(i)-(iii). For a petitioner to avail himself of one of the exceptions, he must file his petition within 60 days of the date the claim could have been presented. *See id.* at § 9645(b)(2).

Appellant's Petition, filed almost five years after his Judgment of Sentence became final, is facially untimely.[5] He attempts to invoke our

---

[5] The period in which Appellant could have filed a timely PCRA Petition ended on June 30, 2008.

jurisdiction by averring that his claim involves information in the nature of "after-discovered evidence." Appellant's Brief at 11. While this appears to be an attempt to bring his Petition within the timeliness exception set forth in Section 9545(b)(1)(ii) allowing for late filing because of unknown "facts," our review of Appellant's Brief reveals that Appellant has utterly ignored the mandates of subsection (b)(1)(ii) requiring that he establish jurisdiction.

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his Petition and could not have learned those facts earlier by the exercise of due diligence. **Commonwealth v. Brown**, 111 A.3d 171, 176-77 (Pa. Super. 2015). "[T]he 'new facts' exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim." **Id.** at 176. **See also Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (explaining that a petitioner's "reliance on Section 9543 as a basis for asserting an after-discovered-evidence claim under the PCRA, [] did not suspend [his] initial obligation to establish jurisdiction by alleging and proving (a) the existence of facts that were unknown to him and (b) his exercise of due diligence in discovering those facts").[6]

---

[6] Once jurisdiction has been established, 42 Pa.C.S. 9543(a)(2)(vi) provides that to succeed on an after-discovered evidence claim, the petitioner ust plead and prove that: (1) the evidence was discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. **See**
*(Footnote Continued Next Page)*

This Court's review of Appellant's Final Amended Petition indicates that Appellant neglected to make any attempt to plead and prove the timeliness exception in Section 9545(b)(1)(ii). Rather, Appellant exclusively argued the merits of his "after-discovered evidence" claim, *i.e.*, that had he known of Brown's plea agreement, he would have used it for impeachment purposes, and the jury's verdict would have been different. Final Amended Petition, 12/27/16, at ¶ 16. In his Brief to this Court, Appellant likewise neglects to establish that the trial court had jurisdiction to consider his Petition. Rather, he states only that, after his trial, he "subsequently became aware of the existence of a plea agreement." Appellant's Brief at 8. He does not specify when he became aware of the agreement in order to establish that he acted with due diligence in bringing the claim, as required by subsection (b)(1)(ii).

Because Appellant failed to plead and prove the application of the PCRA's "new facts" exception to the time-bar, the PCRA court was without jurisdiction to consider Appellant's Petition. We are, likewise, without jurisdiction. Accordingly, we affirm.

Order affirmed.

_____

*(Footnote Continued)* ⸻⸻⸻

***Commonwealth v. Pagan***, 950 A.2d 270, 292 (Pa. 2008). Evidence used merely for impeachment purposes does not qualify as after-discovered evidence. ***Commonwealth v. Wright***, 832 A.2d 1104, 1108 (Pa. Super. 2003). Thus, even if Appellant had met the jurisdictional requirements, Appellant would be entitled to no relief.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/11/2017</u>