J-S68027-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
KARIBE TOYONN BEATTY, :
:
Appellant : No. 105 MDA 2017

Appeal from the Judgment of Sentence October 24, 2016
in the Court of Common Pleas of York County, Criminal Division,
at No(s): CP-67-CR-0001140-2016, CP-67-CR-0006914-2015

BEFORE: LAZARUS, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED APRIL 06, 2018**

Karibe Toyonn Beatty (Appellant) appeals from the October 24, 2016 aggregate judgment of sentence of 102 to 204 months of imprisonment. We affirm.

On September 7, 2016, Appellant entered an open guilty plea to two counts of felony robbery related to his demanding money at two different financial institutions on different occasions in 2015. On October 24, 2016, the trial court imposed two consecutive sentences of 51 to 102 months of incarceration. On November 1, 2016, Appellant *pro se* filed both a PCRA[1] petition claiming ineffective assistance of plea counsel, and a motion to withdraw his plea. Counsel was appointed, who filed a post-sentence motion

_____

[1] Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

*Retired Senior Judge assigned to the Superior Court.

supplementing Appellant's *pro se* post-sentence motion. At a subsequent hearing to address both the post-sentence motion and the PCRA petition, Appellant withdrew his PCRA claims. The trial court proceeded with Appellant's post-sentence motions, and denied relief by order of October 24, 2016.

Appellant timely filed a notice of appeal. Per court order, Appellant filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[2] He presents one question for this Court's review: "Whether the sentencing court committed a manifest abuse of discretion in sentencing [] Appellant pursuant to a sentencing scheme wherein the imposed sentences were structured to be at the top of the aggravated range and consecutive one to the other?" Appellant's Brief at 3.

We consider this question mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

* * *

---

[2] Counsel filed the Rule 1925(b) statement more than 21 days after being ordered to do so. However, the trial court in its opinion addressed the issues raised in the late-filed statement, so we need not remand for the filing of a statement *nunc pro tunc* pursuant to Pa.R.A.P. 1925(c)(3).

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014)

(internal citations and quotation marks omitted).

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014)

(some citations omitted).

Here, Appellant filed a notice of appeal after preserving the issue by filing a motion to modify sentence, and his brief contains a statement pursuant to Pa.R.A.P. 2119(f). We thus consider whether there is a substantial question that Appellant's sentence is inappropriate.

Appellant contends that the imposition of consecutive, aggravated-range sentences is excessive. He posits that the sentence was not warranted because "[t]here is nothing atypical about the Appellant's conduct

that was not accounted for by the criminal statute and his sentencing guidelines." Appellant's Brief at 8.

Assuming *arguendo* that Appellant has raised a substantial question,[3] we are not persuaded that his sentence was the result of an abuse of discretion. The trial court at sentencing offered sufficient, valid reasons for imposing the sentences it did:

> [Appellant] has a significant criminal history since [a]ge 11. He is 23 years of age. He has been in trouble more years than he has been out of trouble in his life, and he says, "Just give me a second chance." We are so far past second chances in this case that we are in a different galaxy, you and I, in perception of this.
>
> His crimes were violent while he was a juvenile, involved felonies, including escape in 2010. Then, as an adult, all of his offenses have been felonies, except for one theft for which he pled. He was on State parole at the time. Putting him in a State prison only serves to protect the community. It has no impact on making him change the way he thinks and the way he lives his life. In terms of competing and balancing the interest of society with his interests, I think I have a stronger need to protect society.
>
> Mr. Beatty, you have had more opportunities to turn your life around than anybody else I've seen, and you chose not to do

---

[3] Appellant's claim amounts to little more than a bald claim of excessiveness, which does not raise a substantial question. ***See***, ***e.g.***, ***Commonwealth v. Wright***, 832 A.2d 1104, 1107 (Pa. Super. 2003) ("[Wright's] claim here, that consecutive sentences are too harsh, is little more than a bald claim of excessiveness. [Wright] simply has not raised a substantial question and so is not entitled to review."). However, this Court has addressed the merits of claims that "the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case." ***Commonwealth v. Zirkle***, 107 A.3d 127, 133-34 (Pa. Super. 2014) (internal quotation marks omitted).

it, deliberately chose not to do it. … You didn't much care what the consequences were, and you chose to continue to live your life that way.

The Ohio Risk Assessment indicates that he's got a high likelihood of recidivism. He is a RFEL, or repeat felon. The offense gravity score in both cases are sevens, and I, quite frankly, don't see what anybody can do, other than you, to make you turn your life around. You have already had the tools. You have had the opportunity. The entire purpose of the juvenile system for the seven years you were involved with it was to give you the chance to make better decisions in your life. You never availed yourself of it. You just kept living your life the way you lived it. Again, it didn't have any impact on the way you lived it when you became an adult.

N.T., 10/24/2016, at 5-6.

The trial court's determination was not manifestly unreasonable, or was the product of partiality, prejudice, bias, or ill-will. First, the trial court reviewed Appellant's presentence investigation report, and thus was aware of all relevant sentencing factors.[4] ***Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa. Super. 2013). Second, Appellant's repeated failure to be rehabilitated, and his commission of new crimes while still under supervision for prior offenses, constituted justification for sentencing him in the aggravated range. ***Accord Commonwealth v. Simpson***, 829 A.2d 334, 338-39 (Pa. Super. 2003) (finding no abuse of discretion in imposition of sentences in excess of the aggravated range where the defendant had an

---

[4] We also note that the sentence that the trial court imposed is precisely the sentence recommended in the presentence investigation report. Trial Court Opinion, 4/7/2017, at 8.

extensive criminal history and committed the crimes at issue while on parole). Finally, Appellant is not entitled to a volume discount for committing multiple robberies, of different banks, on different days. ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013).

Accordingly, Appellant is entitled to no relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2018