J-S35032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN F. HENRY | : | |
| | : | |
| Appellant | : | No. 400 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 29, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005280-2020

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED NOVEMBER 21, 2022**

Appellant John F. Henry appeals from the judgment of sentence entered after Appellant pled guilty to Rape of a Child, Aggravated Indecent Assault of a Child, Incest, Photographing Child Pornography, Disseminating Child Pornography and related crimes. Appellant challenges the discretionary aspects of his sentence. We affirm.

On September 14, 2021, Appellant pled guilty to multiple criminal offenses in relation to his repeated sexual assaults of his five-year old daughter as well as his recording and dissemination of child pornography. On December 29, 2021, after reviewing a pre-sentence investigation report (PSI), the trial court held a sentencing hearing, at which the trial court determined the prosecution had proven Appellant was a Sexually Violent Predator (SVP).

_____

[*] Former Justice specially assigned to the Superior Court.

Thereafter, the trial court imposed the following individual sentences:

Count 1:  Rape of a Child (F1)

> 10-20 years' incarceration at a State Correctional Institute (SCI);

Count 2:  Sexual Assault (F2)

> Merged with Count 1;

Count 3:  Indecent Assault, person less than 13 (F3)

> 1½ - 3 years' incarceration at SCI, concurrent to Count 1;

Count 4:  Aggravated Indecent Assault of a Child (F1)

> 10-20 years' incarceration at SCI, consecutive to Count 1;

Count 5:  Indecent Exposure (M1)

> 1-2 years' incarceration at SCI, concurrent to Count 1;

Count 6:  Incest of Minor, victim under 13 (F2)

> 4-8 years' incarceration at SCI, consecutive to Count 4;

Count 7:  Corruption of Minors (F3)

> 1½ - 3 years' incarceration at SCI, consecutive to Count 6;

Count 8:  Unlawful Contact with a Minor – Sexual Offenses (F1)

> 10-20 years' incarceration at SCI, concurrent to Count 1;

Count 9:  Unlawful Contact with a Minor – Sexual Abuse (F1)

> 4-8 years' incarceration at SCI, concurrent to Count 1;

Count 10:  Photographing Child Pornography (F1)

> 6-12 years' incarceration at SCI, consecutive to Count 7;

Count 11:  Disseminating Child Pornography (F2)

> 5-10 years' incarceration at SCI, consecutive to Count 10;

Count 12:  Possession of Child Pornography (F2)

> Merges with Count 10;

Count 13: Criminal Use of Communication Facility (F3)

1-3 years' incarceration at SCI, consecutive to Count 11.

Trial Court Opinion (T.C.O.), 4/8/22, at 1-2. As a result, Appellant received an aggregate sentence of 37½ - 76 years' imprisonment.

Appellant filed a timely post-sentence motion, which the trial court subsequently denied on February 2, 2022. This appeal followed.

Appellant raises one issue for our review:

Was an aggregate sentence of thirty-seven and one half to seventy-six years' incarceration manifestly excessive under the circumstances and an abuse of the trial court's discretion?

Appellant's Brief, at 12.

Appellant claims his sentence is manifestly excessive based on the trial court's decision to run several of his sentences consecutively instead of concurrently. Although Appellant admits that each of the individual sentences fall within the standard range of the sentencing guidelines, Appellant argues that the sentence is unreasonable and essentially a life sentence "because it does not offer [Appellant] a meaningful chance at rehabilitation and return to the community." Appellant's Brief, at 21.

In addition, Appellant argues that the trial court did not into account his mitigating circumstances. While Appellant admits he has a prior criminal record, Appellant argues that the fact that he does not have any prior convictions for a sexual offense shows he is amenable to rehabilitation. Appellant also notes that the trial court did not consider that Appellant has a history of life trauma and intellectual disability.

Both challenges implicate the discretionary aspects of sentencing. In reviewing such challenges, we are mindful that:

> Challenges to the discretionary aspects of sentence are not appealable as of right. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms. **Id**. An appellant must satisfy all four requirements. **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013).

**Commonwealth v. Miller**, 275 A.3d 530, 534 (Pa.Super. 2022).

In this case, Appellant filed a timely notice of appeal, preserved his sentencing claims in a timely post-sentence motion, and his brief does not contain any fatal defects. Assuming *arguendo* that both claims raise substantial questions for review and all of these requirements have been met, we conclude Appellant's sentencing issues are meritless.

Our standard of review of a sentencing claim is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa.Super. 2006).

The Sentencing Code sets forth general standards to guide the trial court's sentencing determination, requiring the sentence imposed to be consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). In addition, "[w]hen imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super. 2014) (citations omitted).

Although these principles promote individualized sentencing, the trial court "is not required to impose the minimum possible confinement." *Commonwealth v. Moury,* 992 A.2d 162, 171 (Pa.Super. 2010) (citation and internal quotation marks omitted). Section 9721(a) of the Sentencing Code gives the trial court discretion to impose its sentences consecutively or concurrently to other sentences being imposed at the same time or to sentences already imposed. *See* 42 Pa.C.S.A. § 9721(a); *Commonwealth v. Taylor*, 277 A.3d 577, 593 (Pa.Super. 2022) (quoting *Commonwealth v. Wright*, 832 A.2d 1104, 1107 (Pa.Super. 2003) (establishing that "in imposing a sentence, the trial [court] may determine whether, given the facts

of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed").

In reviewing whether a sentence should be vacated:

Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S.A. § 9781(c). Under 42 Pa.C.S.A. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The weighing of factors under 42 Pa.C.S.A. § 9721(b) is exclusively for the sentencing court, and an appellate court may not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S.A. § 9781(c).

**Taylor**, 277 A.3d at 593 (quoting **Commonwealth v. Bricker**, 41 A.3d 872, 875-76 (Pa.Super. 2012) (citations omitted)).

In this case, as Appellant concedes that the trial court correctly applied the guidelines and that all of his individual sentences fell within guideline ranges, this Court may only vacate his sentence if it is "clearly unreasonable." **Taylor**, **supra**. In addition, we note that the trial court had the benefit of a presentence investigation report (PSI). This Court has held that when the trial court imposes a standard range sentence after reviewing a PSI report, the sentence cannot be considered excessive or unreasonable absent some indicia clearly evidencing the contrary. **See id**.

Upon reviewing the record, we find that the sentence imposed was not "clearly unreasonable." At the sentencing hearing, the trial court noted that it had reviewed the PSI report, the Sexual Offenders Assessment Board (SOAB) evaluation, the counts for which Appellant was convicted, the applicable mandatory sentences, and the sentencing guidelines. Notes of Testimony (N.T.), 12/29/21, at 2-5, 26, 29.

In imposing the sentence in this case, the trial court gave great weight to the gravity of the crimes committed, which the trial court characterized as "heinous," and their impact of Appellant's crimes on the life of the victim. *Id*. at 30. The trial court was appalled that Appellant repeatedly raped his five-year old daughter, video-recorded the sexual assaults, and disseminated the footage as child pornography. *Id*. at 30-31. The trial court highlighted that Appellant had "betrayed the duty of care, protection, and support to [his] daughter." *Id*. at 31.

The trial court emphasized Appellant's lack of remorse and accountability for his crimes as the SVP Assessment indicated that Appellant first denied the sexual contact and then subsequently blamed the five-year-old victim for "coming on" to him as he suggested she enjoyed the contact. *Id*. at 15; Trial Court Opinion (T.C.O.), 4/8/22, 8.

The trial court was concerned that Appellant exhibited a pedophilic disorder as reported by the SVP assessment given the sexual deviance and predatory nature of his brutal rape of a young, vulnerable child. T.C.O. at 8. The trial court found that Appellant's memorialization of the assault on video

was a further aggravating factor "indicative of sustained sexual interest in children and a desire to relive or fantasize about the rape of one's own child." T.C.O. at 8-9.

While Appellant pointed to the fact that he has never been convicted of a sexual offense, the trial court found there was little evidence to show that Appellant was amenable to treatment or rehabilitation. N.T. at 30; T.C.O. at 8. As noted by the trial court, Appellant already had an extensive history of serious crime including convictions in 2007 for aggravated assault (F2), resisting arrest, and obstruction of justice, a convictions in 2009 and 2012 for DUI, and convictions in 2017 for burglary (F2), conspiracy, and theft.

With respect to Appellant's claim that the trial court did not consider relevant mitigating factors, the record clearly shows otherwise. Where the trial court has the benefit of reviewing a PSI report, we may assume that the trial court "was aware of the relevant information regarding Appellant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Hill***, 210 A.3d 1104, 1117 (Pa.Super. 2019) (internal quotation marks and citation omitted).

Moreover, the trial court expressly indicated that it had considered Appellant's family history and mental health limitations, in which Appellant had been diagnosed with mild mental retardation as well as depression and anxiety. N.T. at 26. The trial court recognized Appellant had required special education all his life and only finished his education to the tenth grade. ***Id***. at 29. The trial court also recognized that Appellant had a history of substance

abuse from the age of sixteen and had sought treatment for drug and alcohol abuse when charged with criminal offenses. *Id*. at 27.

Nevertheless, the trial court found nothing in the record to show a "lack of intellectual ability that would prevent [Appellant] from understanding the difference between right and wrong." N.T. at 30; T.C.O. at 7-8. The trial court also noted that as a thirty-seven year old male, Appellant was at an "age of [] maturity to understand the significance of [his acts]." N.T. at 29. For all of the foregoing reasons, the trial court found that Appellant was a "danger to society," noted that a lesser sentence would depreciate the seriousness of Appellant's crimes, and expressed concern of an undue risk that Appellant would reoffend upon release. N.T. at 32; T.C.O. at 9.

Accordingly, our review of the record, briefs, trial court opinion, and relevant authority uncovers no reason to disturb the trial court's discretion in imposing Appellant's sentence. **See Shugars**, **supra** ("[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2022