J-A04012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FANCHON LUMPKIN | : | |
| | : | |
| Appellant | : | No. 1201 EDA 2018 |

Appeal from the Judgment of Sentence April 17, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000495-2017

BEFORE: LAZARUS, J., KUNSELMAN, J., and COLINS, J.*

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 08, 2019**

Fanchon Lumpkin appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following her open guilty plea to third-degree murder,[1] conspiracy to commit third-degree murder,[2] and abuse of corpse.[3]  On appeal, Lumpkin argues her sentence is manifestly excessive.  After careful review, we affirm the judgment of sentence.

The trial court set forth the facts of the case as follows:

Stanley Barlow and [Lumpkin] lived together, along with their child, at 4122 North Broad Street in Philadelphia.  On Friday evening, September 30, 2016, their neighbor, Ms. Crystal Canty, overheard Lumpkin, Barlow and another male arguing, then heard a struggle, a scream, glass breaking and then a thump so loud "it

---

[1] 18 Pa.C.S.A. § 2502(c).

[2] 18 Pa.C.S.A. § 903.

[3] 18 Pa.C.S.A. § 5510.

 *Retired Senior Judge assigned to the Superior Court.

rattled the house." The next day, Lumpkin accompanied the neighbor to clean houses, telling Ms. Canty that Barlow had gone away for the weekend, leaving his keys and cell phone with her. [On Sunday, Lumpkin] pretended to be concerned for her boyfriend's safety and asked Ms. Canty to drive her to the Frankford section of the city to look for Barlow. After an hour or so of walking around the projects, knocking on doors in search of Barlow, Lumpkin and [Ms.] Canty returned home. Later on that evening, Lumpkin told her neighbor, "[i]t wasn't me. You don't understand. It wasn't me." [On] Monday, Lumpkin called 911 and reported finding [Barlow] dead in the back of her house. [Lumpkin] admitted to removing the decedent's wallet and money prior to the police arriving. Assistant Medical Examiner Victoria Sorokin, M.D. determined the cause of death to be blunt impact injuries to the head and neck and the manner of death to be homicide.

On October 21[] Lumpkin was being interviewed by the Sexual Violence Unit of the Philadelphia Police Department on an unrelated matter. During that interview[, Lumpkin] told the detectives that she had pushed Barlow off the roof of her house and killed him. Lumpkin was then transported to [the homicide unit] where her interview was videotaped. [] Lumpkin provided multiple versions of the death of Barlow.

Trial Court Opinion, 11/7/18, at 2–3.

On January 22, 2018, Lumpkin entered an open guilty plea to the above-mentioned charges. Following a pre-sentence investigation and briefing by both parties, the Honorable J. Scott O'Keefe sentenced Lumpkin to standard-range sentences of twenty to forty years' incarceration for third-degree murder and a consecutive sentence of five to ten years' incarceration for conspiracy to commit third-degree murder, and an above-guideline sentence of one to two years' incarceration for abuse of corpse running concurrently to

her murder-related sentences.[4]  *See* 204 Pa.Code § 303.16(a) (outlining sentencing matrix).  Lumpkin timely filed a motion to modify sentence, which was denied without a hearing on April 23, 2018.  This timely appeal followed.

On appeal, Lumpkin raises the following issues concerning the discretionary aspect of her sentence, summarized and re-organized for clarity's sake[5] as follows:  whether it was harsh and excessive to (1) impose consecutive, standard-range sentences for third-degree murder and conspiracy to commit murder in tandem with a concurrent, above-guideline sentence for abuse of corpse or (2) fail to provide reasons for sentencing, discuss Lumpkin's rehabilitative needs, or consider mitigating factors.  *See* Brief of Appellant at 32–34 (incorporating statement of issues complained of on appeal into Pa.R.A.P. 2119(f) statement).

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super.

---

[4] Lumpkin had a prior record score of zero.  Consequently, her standard-recommended minimum sentences are as follows: for third-degree murder, 72 months' to twenty years' incarceration; for conspiracy to commit murder, five to six years' incarceration; and for abuse of corpse, restorative sanctions to one month's incarceration.  *See* 202 Pa. Code §§ 303.15, 303.16(a).

[5] Lumpkin's statement of questions presented offers a litany of claims presented as a single, barely coherent, two-page long issue which is somewhat clarified by her Rule 2119(f) statement.  *See* Brief of Appellant, at 10–11 (listing claims) and 32–33 (incorporating claims into Rule 2119(f) statement).

2014).  An appellant must satisfy the following four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

Lumpkin raised her claims in a timely petition to reconsider sentence and filed a timely notice of appeal.  She included a separate Rule 2119(f) statement in her brief.  Accordingly, this Court must assess whether Lumpkin has raised a substantial question to invoke our review.  We conclude she has to the extent she challenges the excessive nature of her consecutive sentences in conjunction with the court's failure to discuss the reasons behind Lumpkin's sentence or consider mitigating factors.[6]  *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (concluding challenge to consecutive sentences, in conjunction with claim court failed to consider rehabilitative needs and mitigating factors, presents substantial question); *see also Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014).  We,

---

[6] We note, however, Lumpkin's bald claim of excessiveness with respect to her above-guideline sentence for abuse of corpse fails to raise a substantial question.  *See Commonwealth v. Titus*, 816 A.2d 251, 256–57 (Pa. Super. 2003) (finding bald claim of excessiveness fails to raise substantial question when sentence is within statutory limits).

therefore, entertain her petition for allowance of appeal and address the merits of her claim.

Our standard for reviewing Lumpkin's sentence is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006). Where the record indicates the lower court had the benefit of a pre-sentence report, "the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information regarding defendant's character along with mitigating statutory factors." *Commonwealth v. Pollard*, 832 A.22d 517, 526 (Pa. Super. 2003). Though the sentencing court is required to explain its rationale in handing down a sentence, this requirement can be satisfied by indicating, on the record, that the judge was informed by a pre-sentence report. *Id.*

Lumpkin concedes her aggregate sentence of 25 to 50 years is within the standard range of the Sentencing Guidelines. She, instead argues the trial court abused its discretion by running her sentences for third-degree murder and conspiracy to commit third-degree murder consecutively. This argument is without merit. *See Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 598 (Pa. Super. 2010) (finding imposition of consecutive sentences valid

exercise of court's discretion outside circumstances where sentencing consecutively is excessive on its face in light of criminal conduct at issue). In light of the pre-sentence report and the testimony at sentencing, Judge O'Keefe justifiably concluded Lumpkin's indifference to human life and lack of remorse warranted a lengthy period of incarceration. **See** Trial Court Opinion, 7/11/18, at 5–6; **see also Commonwealth v. Wright**, 832 A.2d 1104, 1107 (Pa. Super. 2003) ("In imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed.").

Lumpkin's claims that the court failed to provide reasons for sentencing, discuss Lumpkin's rehabilitative needs, or consider mitigating factors are also without merit in light of the court's reliance on a pre-sentencing report. **See Pollard**, **supra** at 526. Accordingly, we find the sentencing court did not abuse its discretion in rendering Lumpkin's sentence.

Judgment of sentence affirmed.

Judge Kunselman joins this Memorandum.

Judge Colins files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/19