J-S05008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ANTHONY SANTIA JR. | : | |
| | : | |
| Appellant | : | No. 972 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 7, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002926-2021,
CP-25-CR-0003000-2021, CP-25-CR-0003094-2021,
CP-25-CR-0003095-2021, CP-25-CR-0003096-2021,
CP-25-CR-0003195-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID A. SANTIA, JR. | : | |
| | : | |
| Appellant | : | No. 536 WDA 2023 |

Appeal from the Order Entered March 7, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003000-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID SANTIA, JR. | : | |
| | : | |
| Appellant | : | No. 537 WDA 2023 |

Appeal from the Order Entered March 7, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003094-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                : PENNSYLVANIA
                                :
           v.                   :
                                :
                                :
DAVID A. SANTIA, JR.            :
                                :
           Appellant            : No. 538 WDA 2023

Appeal from the Order Entered March 7, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003095-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                : PENNSYLVANIA
                                :
           v.                   :
                                :
                                :
DAVID A. SANTIA, JR.            :
                                :
           Appellant            : No. 539 WDA 2023

Appeal from the Order Entered March 7, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003096-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                : PENNSYLVANIA
                                :
           v.                   :
                                :
                                :
DAVID A. SANTIA, JR.            :
                                :
           Appellant            : No. 540 WDA 2023

Appeal from the Order Entered March 7, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003195-2021

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: JUNE 22, 2023**

Appellant, David Anthony Santia, Jr., appeals *nunc pro tunc* from the judgment of sentence of an aggregate term of 31 to 62 months' incarceration, imposed after he pled guilty, in six separate cases, to theft by deception, 18 Pa.C.S. § 3922(a)(1), forgery, 18 Pa.C.S. § 4101(a)(1), deceptive or fraudulent business practices, 18 Pa.C.S. § 4107(a)(2), and identity theft, 18 Pa.C.S. § 4120(a).  On appeal, Appellant seeks to challenge the discretionary aspects of his sentence.  Additionally, his counsel, Tina M. Fryling, Esq., has petitioned to withdraw her representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

At this juncture, we need not set forth the facts of Appellant's underlying convictions.  We only note that he pled guilty to the above-stated offenses and was sentenced to the aggregate term set forth *supra* on March 7, 2022. He did not file any post-sentence motions or a direct appeal.  On May 25, 2022, Appellant filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the reinstatement of his direct appeal rights *nunc pro tunc*.  On August 9, 2022, the court issued an order

granting that petition and stating that Appellant could file notices of appeal, *nunc pro tunc*, from his judgment of sentence. The order did not reinstate Appellant's right to file post-sentence motions.

On August 22, 2022, Appellant timely filed a single notice of appeal listing all six docket numbers of his underlying cases, in violation of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that the filing of a single notice of appeal from an order involving more than one docket will no longer be tolerated; such practice violates Pa.R.A.P. 341, which requires the filing of separate appeals from an order that resolves issues arising on more than one docket; and the failure to file separate appeals generally requires the appellate court to quash). However, in **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021), our Supreme Court expressly overruled the pronouncement in **Walker** that the failure to file separate notices of appeal in connection with issues arising at more than one docket necessarily requires this Court to quash the appeal. The **Young** Court held that "where a timely appeal is erroneously filed at only one docket, [Pa.R.A.P.] 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate." **Id.** at 477.

Here, Appellant filed a timely notice of appeal.[1] Accordingly, although he failed to comply with **Walker**, we did not quash his appeal but, instead,

_____

[1] Appellant also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on October 6, 2022.

- 4 -

we remanded for Appellant to file separate notices of appeal at each of the docket numbers for his six underlying cases within fourteen days. Appellant timely complied with our directive, and we have consolidated his six, separate appeals herein.

Appellant seeks to raise the following sentencing claim for our review: "Was the sentence in this case manifestly excessive and clearly unreasonable, particularly in [the imposition of] consecutive[ terms], and not individualized as required by law?" Appellant's Brief at 3.

Attorney Fryling concludes that this issue is frivolous, and that Appellant has no other, non-frivolous claims he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to

- 5 -

pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Fryling's **Anders** brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's claims, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching that determination, and supports her rationale with citations to the record and pertinent legal authority. Attorney Fryling also states in her petition to withdraw that she has supplied Appellant with a copy of her **Anders** brief. Additionally, she attached a letter directed to Appellant to her petition to withdraw, in which she informed Appellant of the rights enumerated in **Nischan**. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

In assessing Appellant's sentencing claim, we have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have examined the well-reasoned opinion of the Honorable Daniel J. Brabender, Jr., of the Court of Common Pleas of Erie County. We conclude that Judge Brabender's comprehensive opinion accurately disposes of the issue presented by Appellant. Accordingly, we adopt Judge Brabender's opinion as our own and affirm Appellant's judgment of sentence for the reasons set forth therein. Additionally, as our review of the record reveals no other, non-frivolous issues that Appellant could assert herein, we grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2023

COMMONWEALTH OF PENNSYLVANIA :  IN THE COURT OF COMMON PLEAS
                                  :  OF ERIE COUNTY, PENNSYLVANIA
                                  :
              v.                :  CRIMINAL DIVISION
                                  :
DAVID A. SANTIA, JR.,          :  NOS. 2926-2021, 3000-2021, 3094-2021,
             PETITIONER    :  3095-2021, 3096-2021 and 3195-2021

## OPINION

This matter is before the Court on Notices of Appeal filed on August 22, 2022 following reinstatement of appellate rights on August 9, 2022 from judgments of sentence imposed at each docket on March 7, 2022. Appellant's Statements of Matters Complained of on Appeal were filed on September 30, 2022. For the reasons set forth below, the judgments of sentence should be affirmed.

## BACKGROUND

On May 25, 2022, Petitioner filed a *pro se* Petition for Post-Conviction Collateral Relief, essentially seeking reinstatement of direct appeal rights *nunc pro tunc*. On August 9, 2022, the Court granted the request as to these dockets and appointed counsel to perfect the appeals.[1] On December 30, 2021 at Docket No. 2926-2021, and on January 27, 2021 at the remaining docket numbers, Petitioner entered guilty pleas. He was sentenced at all dockets on March 7, 2022. A summary of the factual basis for the pleas follows.

---

[1] The PCRA was also filed at Docket No. 842-2022. On August 8, 2022, the Court dismissed the PCRA as premature because there was no conviction or final judgment of sentence at No. 842-2022 when the PCRA was filed.

1

## Docket No. 2926-2021

On December 30, 2021, Appellant pled guilty as charged to Theft by Deception[2] at No. 2926-2021. The factual basis for the plea is that on or about May 27, 2021 in Erie, Pennsylvania, Appellant accepted the sum of $2,585.00 from a victim to perform certain home improvement work. Appellant did not complete the job(s) and he did not return funds for the work not performed or finished. At the plea hearing, Appellant executed a Statement of Understanding of Rights and he executed the reverse side of the Criminal Information originally filed on December 15, 2021.

## Docket No. 3000-2021

On January 27, 2022, Appellant pled guilty to Forgery[3] at No. 3000-2021. The factual basis for the plea is that on June 14, 2021 in Erie, Pennsylvania, Appellant altered two checks he received from a victim which were written in the amount of $100.00 each by changing the amounts of the checks to $400.00. At the plea hearing, Appellant executed the Statement of Understanding of Rights, and the reverse side of the Criminal Information filed on January 14, 2022.

## Docket No. 3094-2021

On January 27, 2022, Appellant also pled guilty to Deceptive or Fraudulent Business Practices[4] at No. 3094-2021. The factual basis for the conviction is that on June 10, 2021 in Erie, Pennsylvania, Appellant received a deposit of $800.00 from the victim to perform home repairs. Appellant never performed any work for the customer and failed to return the deposit when requested. Appellant executed a Statement of Understanding of Rights at the plea hearing and he also signed the reverse side of the Criminal Information filed January 14, 2021 in acknowledgment of the basis for the plea.

---

[2] 18 Pa.C.S.A. §3922(a)(1).
[3] 18 P.S. 4101(a)(1).
[4] 18 P.S. §4107(a)(2).

2

## Docket No. 3095-2021

On January 27, 2022, Appellant pled guilty at No. 3095-2021 to another incident of Deceptive or Fraudulent Business Practices[5], this one having occurred on June 16, 2021. On that date, Appellant received from the victim four separate payments totaling approximately $1,432.00 to perform home repairs. Appellant failed to perform the contracted-for work, yet he retained the funds. At the plea hearing, Appellant signed the Statement of Understanding of Rights, and he executed the reverse side of the Criminal Information filed on January 14, 2022.

## Docket No. 3096-2021

On January 27, 2022, Appellant pled guilty to another count of Deceptive or Fraudulent Business Practices. The factual basis for the plea is that on May 30, 2021, Appellant, after receiving and cashing a check from a victim in the amount of $250.00 to perform home repairs, told the victim the check had been destroyed. Appellant had the victim write out to him a "replacement" check. Appellant attempted to cash the second check. Appellant failed to perform any services or supply any products. Appellant signed the Statement of Understanding of Rights, and executed the reverse side of the Criminal Information filed on January 14, 2022.

## Docket No. 3195- 2021

Lastly, on January 27, 2021, Appellant pled guilty to Identity Theft.[6] The conviction arose from Appellant's actions on August 19, 2021 in providing to a manager at Carter Lumber the name, social security number and date of birth of a third person. At the plea hearing, Appellant signed the Statement of Understanding of Rights, and he executed the reverse side of the Criminal Information filed on January 18, 2022.

---

[5] 18 P.S. §4107(a)(2).
[6] 18 P.S. 4120(a).

On March 7, 2022, Appellant was sentenced to an aggregate of 31 months (2 years and 7 months) to 62 months (5 years and 2 months) of incarceration, plus restitution, as follows.

Docket No. 2926-2021 - Count One: Theft by Deception - 12 months to 24 months of incarceration, and restitution of $2,000.00;

Docket No. 3000-2021 - Count One: Forgery – 6 months to 12 months of incarceration, and restitution of $1,040.00, consecutive to No. 2926 of 2021;

Docket No. 3094-2021 - Count One: Deceptive or Fraudulent Business Practices – 1 months to 2 months of incarceration, consecutive to No. 3000 – 2021;

Docket No. 3095-2021 - Count One: Deceptive or Fraudulent Business Practices – 6 months to 12 months of incarceration, and restitution of $1,500.00, consecutive to No. 3094 – 2021;

Docket No. 3096-2021 - Count One: Deceptive or Fraudulent Business Practices – 6 months to 12 months of incarceration, plus restitution of $215.00, consecutive to No. 3095-2021; and

Docket No. 3195- 2021 - Count One: Identity Theft – 6 months to 12 months of incarceration, and restitution of $524.64, concurrent with No. 3096-2021.

Each sentence was at the lowest end of the standard range of the sentencing guidelines.

No post sentence motion was filed at any docket. At sentencing, no objection was raised to the sentence at any docket. Prior to imposition of sentence, plea and sentencing counsel informed the Court that Appellant has been incarcerated for some time; Appellant became lost in addiction and committed a series of crimes he later regretted; he entered a plea to each offense; through counsel, Appellant apologized to the victims; and in counsel's assessment, Appellant appeared remorseful. *See Transcript of Proceedings, Revocation and Sentencing hearing held March 7, 2022 (Tr. Revo. & Sent. 3/7/22), p. 5.*

At allocution, Appellant cited factors he believed contributed to the addiction he claimed led to his crimes: the young age of his mother at her death and manner of death; the criminal and

4

addictive history of his father; the father's absence from his life; and the death of his stepmother and reason therefore. *See Tr. Revo. & Sent. 3/7/22, pp. 6-7.* Appellant expressed remorse for his actions; he acknowledged he owes restitution, and stated he desires to "do the right thing." He also reviewed his criminal history. *Id. at p. 7.* Appellant requested the opportunity to "break the cycle" for his son. *Id. at p. 8.* Appellant apologized; he asked if his sentence "could run concurrent with this sentence that I have up state"; and advised he filed for a drug treatment program. *Id. at p. 8.*

Notices of Appeal were filed on August 22, 2022. On September 9, 2022, the Court issued a Rule 1925(b) Concise Statement of Matters Complained of on Appeal at each docket and directed any issue not properly included in 1925(b) Statements timely filed and served pursuant to Pa.R.A.P. 1925(b) would be deemed waived. On September 30, 2022, Appellant filed a Statement of Matters Complained of on Appeal at each docket.

In the 1925(b) Statements, Appellant avers identical sentencing claims:

> Petitioner argues that the sentence he received was manifestly excessive and clearly unreasonable, particularly in its consecutiveness to the other sentences he received, considering his remorse, his acceptance of wrongdoing, his intention to repay his victims by working, and his substance abuse issues that contributed to his wrongdoing.

*See Statement of Matters Complained of On Appeal at each docket.*

## DISCUSSION

### A. Sentencing claims are waived.

The claims present challenges to the discretionary aspects of the sentences. Under the facts, the claims are waived.

It is boilerplate law the right to appellate review of discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal. For permission to be

5

granted, an appellant must preserve his claims at the time of sentencing or in a post-sentence motion, file a timely notice of appeal, include in his brief a statement of reasons for allowance of appeal pursuant to Rule of Appellate Rule of Criminal Procedure 2119(f), and raise a substantial question for review. *See Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa. Super. 2018)(citation omitted).

As to the requirement an appellant must preserve his claims at time of sentencing or in a post-sentence motion, again, the issues must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. That is, an appellant must place on the record an objection to the sentence and request a remedy, or file a post-sentence motion. *See Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004). "Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Id., citing Commonwealth v. Watson*, 835 A.2d 786, 791 Pa. Super. 2003). "This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement." *Commonwealth v. McAfee*, 849 A.2d at 275.

Here, no post-sentence motion was filed at any docket. Also, after imposition of sentence, no objection to a sentence based upon mitigating factors was placed upon the record. *See Tr. Revo. & Sent. 3/7/22, pp. 11-14.* The challenges in the 1925(b) statements to the discretionary aspects of the sentences do not save the claims. Appellant's challenges to the discretionary aspects of the sentence are waived. The appeals must be dismissed.

## B. Sentencing claims are meritless.

Assuming *arguendo* the claims as to the discretionary aspects of sentence have been preserved, the court must consider whether a substantial question for review has been raised.

6

A substantial question exists only when an appellant advances a colorable argument the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code, or contrary to the fundamental norms underlying the sentencing process. *See Commonwealth v. McNabb*, 819 A.2d 54, 56 (Pa. Super. 2003)(citation omitted); *Commonwealth v. Clarke*, 70 A.3d 1281, 1286-87 (Pa. Super. 2013)(citation omitted). Here, Appellant contends the Court failed to consider all required factors in the Sentencing Code when it imposed his low-end standard-range sentences. Failure to consider the required factors constitutes a substantial question for appellate review. *See Commonwealth v. Swope*, 123 A.3d. 333, 340 (Pa. Super. 2015)(failure to consider rehabilitative needs and mitigating factors raised a substantial question); *see also* 42 Pa.C.S. §9721(b).

A challenge to the discretionary aspects of a sentence is reviewed for an abuse of discretion. *Commonwealth v. Moury*, 992, A.2d 162, 169 (Pa. Super. 2010)(citation omitted). When reviewing the discretionary aspects of a sentence that falls within the sentencing guidelines, the appellate court must affirm unless "application of the guidelines would be clearly unreasonable." 42 Pa.C.S. §9781(c)(2).

When imposing sentence, the court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. §9721(b). "Where the sentencing court had the benefit of a presentence investigation report ("PSI"), [the appellate court] can assume the sentencing court was aware of the relevant information regarding the defendant's character and weighted those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate

7

under the Sentencing Code." *Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019)(internal quotations & citation omitted).

The imposition of a sentence of confinement to run consecutively is clearly within the authority of the sentencing court. *See 42 Pa.C.S.A. §9721(a); Commonwealth v. Pierce*, 441 A.2d 1218 (Pa. Super. 1982), *Commonwealth v. Wright*, 832 A.2d 1104, 1107 (Pa. Super. 2003). It is well-accepted "[i]n imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed. *Commonwealth v. Wright*, 832 A.2d at 1107.

> At sentencing, the Court stated:
>
> **THE COURT:** You won't be released for a while. I mean, with your prior record and all the people you scammed, I think you're sorry you got caught and the consequences. I think that's what you regret right now. This has been going on for way too long. We had this discussion before. You know, you can lay blame on this person and that person, but it's all on you.
>
> ...
>
> **THE COURT:** More robbing Peter to pay Paul. All right, Attorney Maskrey?
>
> ...
>
> **THE COURT:** All right. Taking into consideration the statements of both counsel, statement of the defendant, the presentence investigation report as well as the revocation summary and the guidelines as propagated by the Pennsylvania Commission on [S]entencing as well as the very extensive criminal history, and, once again, these are the types of crimes that drive the honest citizenry out there crazy, and we've had too much of this from you, David.
>
> At 2926 of 2021, count one, the sentence will be that you serve ....

*See Tr. Revo. & Sent. 3/7/22, pp. 9, 11.*

Assuming *arguendo* the claims as to the discretionary aspects of sentence have been preserved, the record reveals Appellant's claims are frivolous. The sentences, which are at the

bottom of the standard range of the sentencing guidelines, are presumed appropriate under the Sentencing Code. Also, the Court ordered and reviewed a presentence investigation report and weighed the information in the report in crafting the sentences. *See Tr. Revo. & Sent. 3/7/22, p. 11.* Additionally, the Court considered argument from counsel, including information about Appellant's addiction, the fact Appellant entered guilty pleas, and counsel's expressions of Appellant's regret and remorse. The Court also considered allocution from Appellant.

Under these circumstances, it is properly assumed the Court weighted all relevant factors under the Sentencing Code and considered mitigating evidence in imposing the sentences at the bottom of the standard range of the guidelines. The Court properly exercised its discretion in imposing consecutive sentences. The appellate claims are meritless and the appeals must be dismissed.

## CONCLUSION

For the above reasons, the appeals must be dismissed and the judgments of sentence should be affirmed. The Clerk of Courts is hereby directed to transmit the record to the Superior Court.

BY THE COURT:

Daniel J. Brabender, Jr., Judge

cc:     District Attorney's Office
Tina M. Fryling, Esq., 4402 Peach Street, Suite No. 3, Erie, PA 16509
David A. Santia, Jr., Inmate ID No. QN-6750, SCI Houtzdale, 209 Institution Drive, P.O. Box 1000, Houtzdale, PA 16698-1000 **LEGAL MAIL**

9