J-S11014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                                          :
              v.                             :
                                          :
                                          :
JAMIR Q. MITCHELL                     :
                                          :
             Appellant              :     No. 2050 EDA 2022

Appeal from the Judgment of Sentence Entered May 4, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0007049-2019

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.:                 **FILED AUGUST 9, 2023**

Appellant, Jamir Q. Mitchell, appeals from the judgment of sentence entered on May 4, 2022 in the Criminal Division of the Court of Common Pleas of Montgomery County.  We affirm.

Between April 2019 and August 2019, Appellant engaged in four separate transactions during which he sold heroin and/or fentanyl to a confidential informant in exchange for United States currency.  Following his arrest on October 25, 2019, law enforcement charged Appellant with four counts of possession of a controlled substance with intent to deliver (PWID), 35 P.S. § 780-113(a)(30).

On February 2, 2022, Appellant entered an open guilty plea to all four counts of PWID.  The trial court accepted Appellant's plea and ordered the preparation of a pre-sentence investigation report (PSI) and a probation and parole intervention report (PPI).  On May 4, 2022, the trial court imposed an

aggregate sentence of approximately five years and four months to 11 years' incarceration.[1]   At Count 2 of the Commonwealth's criminal information, Appellant received a sentence of time-served (508 days) to three years in a state prison.  **See** Criminal Information, 2/2/22, at 1-2 (not paginated).  At Count 3, the court ordered Appellant to serve one and one-half to three years in state prison, consecutive to the sentence imposed at Count 2.  **Id.**  At Count 4, the court ordered Appellant to serve one and one-half to three years in state prison, consecutive to the sentence imposed at Count 3.  **Id.**  Finally, at Count 1, Appellant received one to two years in state prison, consecutive to the sentence imposed at Count 4.  On May 14, 2022, Appellant sought to modify his sentence, alleging that consecutive sentences inflicted an excessive punishment and that the court failed to consider mitigating factors.  The trial court denied Appellant's motion on June 15, 2022.

Trial counsel attempted to electronically file a notice of appeal on July 15, 2022.  The submission was rejected, however, because the trial court's electronic docketing system required in-person filing for all notices of appeal to this Court.  Appellant's Motion to Appeal *Nunc Pro Tunc*, 7/18/22, at 1-2 (not paginated).  On July 18, 2022, counsel submitted a motion to appeal *nunc pro tunc*, alleging that she was unaware that notices of appeal to this Court needed to be filed in person.  **See** Appellant's Motion to Appeal *Nunc*

_____

[1] At the time of sentencing in this matter, Appellant was awaiting sentencing for additional crimes, including attempted robbery, PWID, and possession of a firearm with an altered serial number.  Appellant committed these offenses while free on bail in this case.  **See** N.T. Sentencing Hearing, 5/4/22, at 34.

*Pro Tunc*, 7/18/22, at 2. The trial court granted the motion on July 27, 2022 and allowed 30 days within which to lodge an appeal from Appellant's judgment of sentence. Counsel filed a notice of appeal on August 12, 2022. Trial counsel was then permitted to withdraw on August 16, 2022 and current appellate counsel was appointed. The trial court, on August 30, 2022, directed Appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). Appellant complied on September 19, 2022 and the trial court issued its opinion on September 26, 2022.

Appellant's brief raises the following question for our review.

Was the aggregate sentence [Appellant] received manifestly excessive and unreasonable so as to constitute an abuse of discretion by the sentencing court because the court sentenced [Appellant] to four consecutive sentences on four separate charges [without considering mitigating factors raised by trial counsel at sentencing and identified in the PSI and PPI evaluation]?

Appellant's Brief at 8.

Preliminarily, we consider whether we have jurisdiction in this matter. Jurisdiction vests in this Court with a timely appeal of a final order. **Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*). In most criminal cases, the time for filing an appeal is 30 days from the judgment of sentence unless a defendant files a timely post-sentence motion. **See Green**, **supra** at 618. In the latter event, the period for filing an appeal is tolled and a defendant may appeal within 30 days of the denial of the post-sentence motion. **See** Pa.R.Crim.P. 720(2)(a).

- 3 -

The trial court sentenced Appellant on May 4, 2022. A timely post-sentence motion followed on May 14, 2022,[2] which the trial court denied on June 15, 2022. Appellant's notice of appeal was therefore due no later than July 15, 2022.

Appellant did not file an appeal before the deadline. Instead, as explained above, counsel attempted to electronically transmit a notice of appeal on July 15, 2022, but the submission was rejected by the trial court's docketing system because it was not filed in person. Counsel undertook prompt remedial action, however, and submitted a motion to file an appeal *nunc pro tunc* on July 18, 2022, the next weekday. Counsel's motion alleged that she was unaware that notices of appeal to this Court needed to be filed in person. The trial court granted leave to appeal *nunc pro tunc* on July 27, 2022 and Appellant complied with the court's directive to file any notice of appeal within 30 days.

The trial court's July 27, 2022 order expressly granted Appellant's request to file a notice of appeal *nunc pro tunc*. By that time, however, the 30-day direct appeal period had expired, and the court no longer retained jurisdiction over this matter. Under these circumstances, the remedy of granting *nunc pro tunc* relief to reinstate a direct appeal is, technically, a procedural misstep.

---

[2] May 14, 2022 was a Saturday but Appellant's motion to modify his sentence was electronically filed.

Once a criminal judgment becomes final, Pennsylvania law channels all claims for state collateral relief through the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. *See Commonwealth v. Ahlborn*, 699 A.2d 718, 721 (Pa. 1997). Thus, if a post-conviction claim is cognizable under the PCRA, common law and statutory remedies now subsumed by the PCRA are no longer available to the defendant. *See Commonwealth v. Peterkin*, 722 A.2d 638, 640-641 (Pa. 1998) (statutory writ of *habeas corpus* was not available where petitioner's claims were cognizable under the PCRA). Moreover, where the PCRA applies, the trial court no longer retains residual common law or statutory authority to restore direct appeal rights except under the strictures of the PCRA. *See Commonwealth v. Hall*, 771 A.3d 1232, 96 (Pa. 2001) (trial court's conclusion that an extra-PCRA path exists to restore direct appeal rights *nunc pro tunc* is contrary to both explicit language of PCRA as well as Supreme Court jurisprudence). We therefore examine the reinstatement of Appellant's direct appeal rights under applicable PCRA standards.

A post-conviction filing that seeks restoration of direct appeal rights *nunc pro tunc*, and which is premised upon the ineffective assistance of counsel, presents a claim that is cognizable under the PCRA. *See id*. at 97. To overcome the presumption that counsel was effective, a "petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3)

the petitioner suffered prejudice as a result of counsel's deficient performance, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018). Jurisdiction to entertain a PCRA claim is tied to the filing of a timely petition and "[i]n circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the [PCRA's] one-year [limitations] period [] commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA." ***Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019); ***see also*** 42 Pa.C.S.A. § 9545(b)(3).

Trial counsel explained in the motion to file a notice of appeal *nunc pro tunc* that she failed to initiate a timely direct appeal because she was unaware of local electronic filing procedures. Counsel could not have had a reasonable basis for this oversight and Pennsylvania courts have held that the failure to file a requested appeal automatically results in a finding of prejudice. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1273 (Pa. 2007) (observing that the failure of counsel to file a requested appeal "is the functional equivalent of having no counsel at all," which "**requires** a finding of prejudice") (emphasis added). Also, Appellant's request for reinstatement of his direct appeal rights was timely presented under the PCRA since counsel requested leave to file a notice of appeal *nunc pro tunc* the next weekday after the period for seeking direct review expired. Hence, the trial court properly

reinstated Appellant's right to file a direct appeal because trial counsel was ineffective and Appellant presented his claim in a timely manner.[3]

In his sole issue, Appellant raises a challenge to the discretionary aspects of his sentence, claiming that his aggregate sentence was excessive.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> (1) Whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentenced appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Lucky**, 229 A.3d 657, 663-64 (Pa. Super. 2020) (internal quotation marks omitted).

Here, Appellant (1) filed a timely appeal, (2) preserved his challenge in a post-sentence motion, and (3) included a concise statement under Pa.R.A.P. 2119(f) in his brief. The only issue remaining is whether he raised a substantial question that the sentence is improper under the Sentencing Code.

---

[3] Ordinarily, the Commonwealth has a right to respond to a petition for collateral relief. Here, however, Appellant's request for reinstatement of his direct appeal rights was clearly meritorious and the Commonwealth has not objected. Thus, we will overlook this procedural irregularity under the current circumstances.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Ali*, 197 A.3d 742, 760 (Pa. Super. 2018) (internal citations and quotations omitted).

In his Rule 2119(f) statement, Appellant claims that the trial court imposed an excessive sentence by failing to adequately consider, on the record, his mitigating circumstances and by imposing an excessive aggregate sentence comprised of unnecessary consecutive punishments. We have held that an appellant's "challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question" for review. *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (citation omitted). We therefore turn to the merits of Appellant's sentencing challenge.

Appellant, who was 22 at the time of sentencing, argues that the trial court did not adequately consider mitigating factors on the record at sentencing. In support, he summarizes the mitigating evidence about his background that he presented at the sentencing hearing, either through the arguments of counsel or the contents of the PSI or PPI reports. These factors included an absentee father, his mother's drug addiction, sexual abuse at the

hands of his mother's boyfriend, a childhood marked by chaotic and dysfunctional familial relationships and unstable housing conditions, various mental health issues, and Appellant's personal addiction to gambling and opioids. *See* Appellant's Brief at 17-18. Despite these factors, Appellant maintains that, at the sentencing hearing, the trial court improperly chose to focus on his continued involvement with criminal activity during the lead-up to his sentencing hearing, including his arrest for PWID, possession of a firearm with an altered serial number, and attempted robbery. Appellant also objects to the imposition of consecutive sentences on his four separate PWID offenses.

Section 9721 of the Sentencing Code offers the following guidance in the context of a sentencing determination:

> [T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

Furthermore,

> Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S.A. § 9781(c). Under 42 Pa.C.S.A. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The weighing of factors under 42

Pa.C.S.A. § 9721(b) is exclusively for the sentencing court, and an appellate court may not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S.A. § 9781(c).

***Commonwealth v. Bricker***, 41 A.3d 872, 875-876 (Pa. Super. 2012)

(citations omitted).

When imposing sentence, a court is required to consider the circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports exist, we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa. Super. 2014)

(quotation marks and quotation omitted).

We also note that the "imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court." ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2013) (citation omitted). It is well-accepted that "in imposing a sentence, the trial [court] may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed."

***Commonwealth v. Wright***, 832 A.2d 1104, 1107 (Pa. Super. 2003).

Finally, "[w]here, as here, the sentencing court has the benefit of reviewing a pre-sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."

*Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010) (internal quotation marks and citation omitted).

After careful review, we conclude that the trial court did not abuse its discretion in imposing its sentence in this case. The transcript of Appellant's sentencing hearing reflects that the court reviewed, understood, and considered Appellant's mitigating factors as presented in the PSI and PPI reports, and as presented by trial counsel during argument. Contrary to Appellant's claim, the trial court was well informed of Appellant's mitigation evidence and personal background when it formulated an individualized punishment that reflected the circumstances of the instant offenses, Appellant's character and mitigating factors, and the prospects for rehabilitation. Considering that information, the trial court imposed four standard range sentences and directed that they be served consecutively to reflect the seriousness of four distinct criminal acts. Although the trial court remarked about Appellant's continued involvement in criminal activity, it did so only to consider the potential danger Appellant continued to pose to the public despite the pendency of charges in this case. As a result, we do not find that the trial court abused its discretion by imposing an excessive sentence in this matter.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/09/2023