J-S05043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                   :          PENNSYLVANIA
                                   :

           v.                      :
                                   :
                                   :

STEPHEN MAURICE BARRY-GIBBONS  :
                                   :

           Appellant        :     No. 1020 WDA 2023

Appeal from the Judgment of Sentence Entered April 27, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003148-2016

BEFORE:  PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:         **FILED:  March 7, 2024**

Appellant, Stephen Maurice Barry-Gibbons, appeals *nunc pro tunc* from the aggregate judgment of sentence of 10 to 20 years' incarceration, imposed after he was convicted of drug and firearm-related offenses.  Appellant solely challenges the discretionary aspects of his sentence.  After careful review, we affirm.

The trial court summarized the pertinent facts and procedural history of this case, as follows:

> On August 17, 2017, [Appellant] was convicted of drug-related and firearms crimes following a three-day jury trial [presided over by] the Honorable Judge Michael E. Dunlavey, now retired. [Appellant] had been arrested following execution of a search warrant at his residence.  During the search, heroin, cocaine, three handguns and drug paraphernalia were recovered.  On September 17, 2017, [Appellant] was sentenced by Judge Dunlavey to an aggregate [term] of twenty-seven and one-half (27½) years to fifty-five (55) years of incarceration.
>
> On June 17, 2019, the Superior Court affirmed the judgment of sentence in part and vacated it in part.  The Superior Court

vacated the conviction at Count Eight for Receiving Stolen Property, and vacated the concurrent sentences for simple possession at Counts Five and Six. The Superior Court determined Count Five should have merged with Count Two, and Count Six should have merged with Count Three. In all other respects[,] the Superior Court affirmed the judgment of sentence. It determined remand for resentencing was unnecessary because its actions in vacating the sentences at Counts Five, Six and Eight did not disturb the sentencing scheme. *See Commonwealth v. Barry-Gibbons*, 11 WDA 2018 (Pa. Super. [filed] June 17, 2019) (non-precedential decision).

The Superior Court also noted that, with regard to the averments of heroin at Counts One, Two, and Five, the record established the total weight of heroin seized from [Appellant's] apartment was approximately 44.07 grams, not approximately 93 grams as averred in the Information. The Superior Court observed [that] this resulted [i]n an [offense gravity score (OGS)] of 10 rather than 8 for [possession with intent to deliver] (heroin) and an invalidly inflated OGS for conspiracy to deliver heroin. However, the Superior Court determined the claim regarding calculation of the OGS scores on the counts relating to heroin was waived on direct appeal for failure to timely raise the issue. *See [i]d.*

On December 14, 2020, [Appellant] filed a counseled [petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546]. The PCRA [petition] raised sentencing claims and claims of ineffective assistance [of counsel]. In a [Pa.R.Crim.P. 907] Notice of Intent to Dismiss filed on February 2, 2021, this [c]ourt signaled its intent to dismiss all claims except for those relating to an incorrect OGS score. Concurrently, the [c]ourt issued a Memorandum and Order granting the PCRA claims solely relating to the calculation of the OGS score, and directing the Office of Adult Probation to prepare a [pre-sentence investigation (PSI)] report to include sentencing guideline sheets for all Counts except for Count Eight, and to recalculate[] the OGS scores for the convictions based on the weight of heroin at 44.07 grams rather than 93 grams.

The [c]ourt scheduled the re-sentencing hearing for Aril 27, 2021. Prior to re-sentencing, on March 17, 2021, [Appellant] filed objections to the Notice of Intent to Dismiss the ineffective assistance claims. [Appellant] also raised new, additional claims of ineffective assistance of trial counsel. On April 14, 2021, the

[c]ourt filed a Memorandum and supplemental Notice of Intent to Dismiss with regard to the additional claims.

On April 27, 2021, the court re-sentenced [Appellant] to an aggregate [term] of ten (10) to twenty (20) years of incarceration, with 1,804 days of credit for time served, as follows:

Count One[:] Criminal Conspiracy/Possession with Intent to Deliver (heroin and cocaine): 27 to 54 months of incarceration;

Count Two[:] Unlawful Delivery (heroin): 27 to 54 months of incarceration, concurrent with Count One;

Count Three[:] Unlawful Delivery (cocaine): 72 months to 144 months of incarceration, concurrent with Count One;

Count Four[:] Possession of Drug Paraphernalia: Merged with Count One;

Count Five: Possession (heroin): Merged with Count Two;

Count Six: Possession (cocaine): Merged with Count Three;

Count Seven: Persons Not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms: 48 months to 96 months of incarceration, consecutive to Count Three.

At re-sentencing, the [c]ourt reduced [Appellant's] aggregate sentence to less than one-half of the original[,] aggregate sentence.  The sentences were in the standard range of the sentencing guidelines.

On June 4, 2021, the [c]ourt dismissed the original and amended PCRA claims of ineffective assistance.  [Appellant] filed an appeal from the dismissal of the PCRA ineffective assistance claims.  On June 2, 2022, the Superior Court affirmed the Order of June 4, 2021[,] dismissing the PCRA claims.  ***See Commonwealth v Barry- Gibbons***, 759 WDA 2021 (Pa. Super. [filed] June 6, 2022) (non-precedential decision).  On December 6, 2022, the Pennsylvania Supreme Court denied *allocatur*.

On August 4, 2023, [Appellant] filed a *pro se* "Petition for Post Conviction Relief for the Sole Purpose of Having the Direct Appeal Rights Reinstated Per My Resentencing On 04/27/2021." [Appellant] alleged he submitted to PCRA counsel a timely request to file a Notice of Appeal from the re-sentencing Order.  Appended

to the PCRA, *inter alia*, was correspondence of May 12, 2021[,] filed with the Clerk of Records on May 19, 2021[,] documenting the request to PCRA counsel to file an appeal from the re-sentencing Order. It was apparent from the letters of PCRA counsel of May 2021[,] which were also appended to the PCRA [petition], that PCRA counsel misunderstood that [Appellant's] requests to file an appeal concerned an appeal from the then-pending PCRA [petition,] which had not yet been dismissed.

Under the circumstances, on August 15, 2023[,] the undersigned granted the PCRA [petition] for the limited purpose of reinstating appellate rights solely concerning the resentencing of April 27, 2021. The [c]ourt appointed Tina M. Fryling, Esq., to represent [Appellant] on appeal. The [c]ourt directed counsel to perfect the appeal and concurrently file and serve a [Pa.R.A.P.] 1925(b) Statement within thirty (30) days, that is, by September 14, 2023. The [c]ourt directed any issue not properly included in the Statement timely filed and served would be deemed waived. ***See*** Order of August 15, 2023.

On September 1, 2023, Appellant filed a Notice of Appeal and concurrently filed a Petition for Extension of Time within which to file a Rule 1925(b) Statement. On September 5, 2023, the [c]ourt granted the request and directed counsel to file the Rule 1925(b) Statement within thirty (30) days of the filing of the resentencing transcript. The resentencing transcript was filed on September 11, 2023. The Rule 1925(b) Statement was filed on October 9, 2023.

Trial Court Opinion (TCO), 10/18/23, at 1-4 (footnotes omitted). On October 18, 2023, the trial court filed its Rule 1925(a) opinion.

Herein, Appellant states the following issue for our review: "The sentences imposed in this case were manifestly excessive and clearly unreasonable, particularly in their consecutiveness, when the trial court did not consider mitigating factors." Appellant's Brief at 2 (unnecessary capitalization and emphasis omitted). Appellant's issue implicates the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

In this case, Appellant has not met the second requirement for obtaining review of a discretionary-aspects-of-sentencing claim. Specifically, the PCRA court did not reinstate Appellant's post-sentence motion rights, and no post-sentence motion was filed by Appellant. It is well-settled that "issues

challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Griffin*, 65 A.3d at 936 (citation omitted). Accordingly, Appellant's sentencing issue is waived.

In any event, even if not waived, we would also conclude that Appellant has failed to set forth a substantial question for our review. Notably, in his Rule 2119(f) statement, Appellant cursorily avers that "[t]he fundamental norm violated was that the sentence was manifestly excessive in that it was not individualized[,]" and "[t]he specific portion of the Code violated was 42 Pa.C.S. § 9781, which requires that a sentence not be clearly unreasonable." Appellant's Brief at 3-4. Appellant offers no further discussion of how or why his sentence was not individualized, or what about his term of incarceration was clearly unreasonable, aside from mentioning that "the court erred and should have handed down a shorter aggregate sentence." *Id.* at 5. We would agree with the trial court that Appellant's undeveloped assertions fail to amount to a 'colorable argument' that would demonstrate a substantial question for our review, even had he preserved his sentencing claim for our review. *See* TCO at 6 ("No substantial question has been raised. Appellant fails to point to the record or even claim how [his] sentence violates a

particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme.").[1]   Thus, no relief is due.

Judgment of sentence affirmed.

_____

[1] We also note that Appellant's sentencing challenge would not entitle him to relief, even if it were preserved and amounted to a substantial question for our review.  Essentially, Appellant complains that the court failed to consider mitigating circumstances, and that it imposed an excessive aggregate sentence by running his terms consecutively rather than concurrently.  We would disagree.  Notably, Appellant received standard range sentences.  This Court has declared that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code."  *Moury*, 992 A.2d at 171 (citation omitted).  It is also "well-settled [that] the [c]ourt has clear authority pursuant to 42 Pa.C.S.[] § 9721 to impose sentences either consecutively or concurrently."  TCO at 6 (citing, *inter alia*, **Commonwealth v. Wright**, 832 A.2d 1104, 1107 (Pa. Super. 2003) ("In imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed.")).  Here, the court imposed "[a]ll sentences, except for the sentence at Count Seven, [to run] … concurrently."  *Id.*  Moreover, in fashioning Appellant's sentence, the court had the benefit of a PSI report; thus "we can assume [it] was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors."  *Moury*, 992 A.2d at 171 (internal quotation marks and citation omitted).  Finally, as set forth *supra*, Appellant's current sentence is "less than one-half of the original[,] aggregate sentence."  TCO at 3.  Given all of these factors, we would conclude that the trial court did not abuse its ample sentencing discretion in fashioning Appellant's aggregate term of incarceration.  **See Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006) ("Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/7/2024